NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 21, 2009[*]
Decided May 21, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-4071

| | |
|---|---|
| FRANCES ENDENCIA, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 08 C 4541 |
| ADT SECURITY SERVICES, INC., | |
| *Defendant-Appellee.* | Samuel Der-Yeghiayan, |
| | *Judge*. |

**O R D E R**

Frances Endencia contracted with ADT Security to monitor the burglar alarm at her veterinary clinic in Streamwood, Illinois.  She asserts that the clinic was vandalized—she found a dog dead and blood on another animal's bedding—and accuses ADT of negligence

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

because it never detected a security breach.  Endencia also contends that ADT was somehow responsible for the decision of the Illinois Veterinarian Licensing & Disciplinary Board to suspend indefinitely her license to practice veterinary medicine.  She sued ADT in the Circuit Court of Cook County, but ADT removed the action to federal court on the ground of diversity of citizenship.  ADT then moved to dismiss, arguing that its only duty to Endencia was contractual and quoting an exculpatory clause in the contract that relieves ADT of liability for damage caused by break-ins.  The district court dismissed Endencia's complaint for failure to state a claim.

As best we can tell, Endencia principally argues on appeal that ADT is liable despite the exculpatory clause.  Illinois courts, though, have held that limitations of liability in alarm service contracts are enforceable and consistent with public policy.  *Chi. Steel Rule & Die Fabricators Co. v. ADT Security Sys., Inc.*, 763 N.E.2d 839, 846 (Ill. Ct. App. 2002); *N. River Ins. Co. v. Jones*, 655 N.E.2d 987, 992 (Ill. Ct. App. 1995).  Endencia also contends that her complaint states a claim under 805 ILL. COMP. STAT. 10/8, but that statute is unrelated to her case.  Finally, she alleges wrongdoing by the Village of Streamwood, but the Village is not a party to this action.

AFFIRMED.